Filed 7/28/26  P. v. Terrazas CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>RODOLFO ROJAS TERRAZAS III,<br><br>　　　　Defendant and Appellant. | E087589<br><br>(Super.Ct.Nos. SWF2401214,<br>SWF2401009, SWF2300779)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Rodolfo Rojas Terrazas III, appeals his conviction following a guilty plea. His attorney has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 informing this court they were unable to identify any errors and asking us to perform an independent review of the record. Terrazas then filed a supplemental brief, arguing Penal Code section 1381 required dismissal of the three cases against him.[1] We affirm.

BACKGROUND

In May 2023 the Riverside District Attorney ("the district attorney") charged Terrazas with four counts of unlawful possession of a firearm (§ 29800, subd. (a)(1)), one count of unlawful possession of ammunition (§ 30305, subd. (a)(1)), one count of unlawful possession of body armor (§ 31360, subd. (a)) and possession of methamphetamine. (Health and Saf. Code, § 11377, subd. (a).)

In May 2024 the district attorney charged Terrazas with three counts of willfully causing physical pain or mental suffering on a child under circumstances likely to produce great bodily injury (§ 273a, subd. (a)), one count of manufacturing an unauthorized weapon (§ 33215), one count of unlawful possession of ammunition (§ 30305, subd. (a)(1)), three counts of unlawful possession of a firearm (§ 29800, subd. (a)(1)), two counts of receiving a stolen car (§ 496d, subd. (a)), one count of possessing fentanyl (Health and Saf. Code § 11377, subd. (a)), and one count of possessing methamphetamine (Health and Saf. Code, § 11350, subd. (a)).

_____

[1] Unlabeled statutory citations refer to the Penal Code.

In July 2024 the district attorney charged Terrazas with deterring an executive officer (§ 69), resisting arrest (§ 148.10) and possessing methamphetamine (Health and Saf. Code, § 11378).

In November 2025 Terrazas entered a plea agreement on all three cases, pleading guilty to one count of unlawfully possessing a firearm in the first case, one count of causing physical pain or mental suffering on a child under circumstances likely to produce great bodily injury in the second case, and one count of deterring an executive officer in the final case. Terrazas also admitted to a prior strike. Following the plea agreement, the court sentenced Terrazas to an aggregate term of six years eight months, composed of two years for causing physical pain or mental suffering on a child, eight months for unlawfully possessing a firearm, and eight months for deterring an executive officer, doubled due to Terrazas's prior strike. The court awarded 28 days of custody credit for the first case, 209 days of custody credit for the second, and no custody credits for the third. It then waived certain fines and fees for inability to pay, and entered a no negative contact order in the second case.

Terrazas filed a notice of appeal on December 24, 2025. Because he pled guilty, he requested a certificate of probable cause. The court denied this request.

DISCUSSION

We appointed counsel to represent Terrazas on appeal, and counsel filed a brief setting forth a statement of the case and a summary of the facts and asking us to conduct an independent review of the record. We offered Terrazas an opportunity to file a

3

personal supplemental brief. He did so, arguing his case should have been dismissed when he was not brought to trial within 90 days of making a demand for trial under section 1381.

However, Terrazas did not obtain a certificate of probable cause. "Generally, a defendant may appeal 'from a final judgment of conviction.' " (*People v. Stamps* (2020) 9 Cal.5th 685, 694.) "However, if the judgment resulted from a guilty or no contest plea," section 1237.5, subdivisions (a) and (b), require the defendant to obtain a certificate of probable cause. (*Ibid.*) "[S]ection 1237.5 admits of this exception: The defendant may take an appeal without a statement of certificate grounds or a certificate of probable cause if he does so solely on noncertificate grounds, which go to postplea matters not challenging his plea's validity and/or matters involving a search or seizure whose lawfulness was contested pursuant to section 1538.5." (*Ibid.*; see Cal. Rules of Court, rule 8.304(b)(3).)

Here, Terrazas's supplemental brief does not go to postplea or search and seizure issues. Terrazas claims the court mishandled his demand under section 1381 and should have dismissed all three of his cases because of it. But not only is this not a postplea issue, Terrazas already litigated this issue in the trial court before his plea. We therefore need not address his arguments on the merits.

Having independently reviewed the record for potential errors and finding no arguable error that would result in a disposition more favorable to Terrazas, we affirm the judgment.

4

DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
                                                           J.

We concur:


RAMIREZ _____
                        P. J.


LEE _____
                        J.